**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

LUIS ALFREDO SUAREZ MAGUAL,
MOISES MAIONICA, AND
CARLOS KAUFFMANN,

     Petitioners,

v.                                                                                    CASE NO.:

JORGE DE JESUS AÑEZ DAGER,

     Respondent.

_____/

**APPLICATION OF LUIS SUAREZ, MOISES**
**MAIONICA, AND CARLOS KAUFFMANN FOR RECOGNITION,**
**CONFIRMATION, AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD**

COMES NOW, Carlos Kauffmann ("Mr. Kauffmann"), Luis Alfredo Suarez Magual ("Mr. Suarez"), and Moises Maionica ("Mr. Maionica")(collectively "Petitioners"), respectfully move, pursuant to 9 U.S.C. §§ 9, 301, and 207, for recognition, confirmation, and enforcement of the arbitral award (the "Final Award") rendered in Miami, Florida on February 9, 2023 by the International Chamber of Commerce, International Court of Arbitration (the "ICC") in favor of Petitioners and against Respondent, Jorge de Jesus Añez Dager ("Mr. Añez" or "Respondent"). In support of their application, Petitioners state as follows and submits the accompanying memorandum of law:

**PARTIES, JURISDICTION, AND VENUE**

1. Mr. Maionica is a citizen of the State of Florida and is domiciled in Weston, Florida.

2. Mr. Kauffmann is a German and Venezuelan citizen who resides in Miami.

3. Mr. Suarez is a citizen of the State of Florida and is domiciled in Miami, Florida.

4. Petitioners are the claimants in a recently completed arbitration before the ICC.

5. Mr. Añez is a Venezuelan citizen who resides in Venezuela, and is the respondent in the

Lg/5699

underlying arbitration that is the subject of this application.

6.   This is an application for recognition, confirmation, and enforcement of an arbitral award rendered in Miami, Florida in favor of Petitioners and against Respondent. Accordingly, the Court has jurisdiction over this application pursuant to 28 U.S.C. § 1331 and 9 U.S.C. §§ 203, 301, and 302, because Venezuela and the United States are both parties to the Inter-American Convention on International Commercial Arbitration of January 30, 1975 (the "Convention"), and the district court has jurisdiction to confirm arbitration awards rendered in the United States, such as the Final Award at issue here. *Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 46–47 (2d Cir.1994). The Court also has jurisdiction under the United Nations Convention on the Recognition and Enforcement of Arbitral Awards of June 10, 1958 (the "New York Convention"), as implemented in Chapter 2 of the Federal Arbitration act, 9 U.S.C. § 201, et seq., because the United States and Venezuela are contracting States to the New York Convention.

7.   During the time period covered by the underlying dispute and the resulting arbitration, Mr. Añez was engaged in substantial and not isolated activity within the State of Florida giving rise to Petitioners' claims, including operating, conducting, engaging in, and carrying on business related to Avior Airlines, C.A. ("Avior"), Avior Airlines, CA, LLC, and Avior Airlines Services, LLC at Avior's office in Miami, Florida and Avior's warehouse in Doral, Florida. The acts that gave rise to the underlying dispute and resulting arbitration, including but not limited to, meetings between Petitioners and Mr. Añez, and the negotiation, drafting, and signing of documents, occurred in Miami, Florida. The damages caused by Mr. Añez were suffered by Petitioners in Florida. The arbitration proceeding took place in Miami, Florida. Upon information and belief, Mr. Añez, lives, at least part of the year, in Doral, Florida where his children and wife permanently reside.

8. This application is brought as a motion pursuant to 9 U.S.C. § 6.

9. Venue is proper in this judicial district pursuant to, *inter alia*, 9 U.S.C. §§ 204, 302, and 28 U.S.C. § 1391, because, *inter alia*, an action or proceeding with respect to the controversy between the parties could have been brought in this district but for the parties' arbitration agreement.

## CONFIRMATION OF ARBITRAL AWARD

10. On or about December 17, 2019, Petitioners commenced an arbitration against Respondent, seeking, *inter alia*, an order (1) declaring Petitioners as fifty percent (50%) owners of the shares in Avior Airlines, C.A. ("Avior"); (2) declaring and ratifying the existence of a shareholders' agreement contained in Clause V of the document identified as the letter of intent (the "Letter of Intent"); (3) declaring and ratifying the existence of a stock purchase and sale agreement ("La Cubana")[1], as well as the obligation of Respondent to purchase the Petitioner's shares; (4) requiring the Respondent to fulfill La Cubana and pay the sales price agreed upon by the parties in the amount of thirty-seven million five hundred thousand ($37,500,00.00); (5) requiring the Respondent to pay the applicable interest on the sale price due from the date of La Cubana through the entry of the Final Award; (6) requiring Respondent comply with the shareholders' agreement in Clause V of the Letter of Intent and order the full reinstatement of Petitioners' rights as shareholders of Avior; (7) requiring the Respondent pay the damages resulting from the violation of the shareholders' agreement, the Petitioners' property rights and Avior's by-laws, for his abusive and bad-faith conduct; (8) finding that the Respondent has been unjustly enriched; and (9) requiring Respondent pay Petitioners' legal fees and costs.

11. The Letter of Intent signed on November 12, 2010, includes an arbitration agreement.

---

[1] Spanish vernacular for buy-sell agreement.

Lg/5699

The arbitration agreement provides that any disagreements that derive from the Letter of Intent shall be resolved through arbitration in accordance with the Arbitration Rules of the ICC, and shall take place in Miami, Florida in Spanish. A true and correct copy of the Letter of Intent is attached hereto as Exhibit "A".

12. Mr. Añez objected to the jurisdiction of the ICC's arbitration panel. After taking evidence and hearing argument on the jurisdictional issues, the ICC arbitration panel overruled Mr. Añez's objections. In the Final Award, the ICC arbitration panel found that the arbitration agreement contained in the Letter of Intent constitutes a valid and effective arbitration agreement under which all claims in the arbitration must be resolved, that the claims raised in the arbitration were within the scope of the arbitration agreement and were properly referred to arbitration, and that the ICC arbitration panel thus had jurisdiction to decide the claims and issue an award. ¶418-431, Final Award.

13. Mr. Añez defended the arbitration claims on their merits. After taking evidence and hearing argument on the merits, on February 9, 2023, the ICC entered the Final Award ordering, among other things, the following:

a. Declares that it has jurisdiction to decide the present dispute.

b. Rejects the objection or jurisdictional defense by the Respondent based on the alleged contradiction between the ICC Arbitration Clause and the CEDCA Arbitration Clause.

c. Rejects the objection or jurisdictional defense by the Respondent based on the Criminal Convictions of Messrs. Maionica and Kauffmann.

d. Declares that the Claimants have standing, and the Respondent has standing to be sued in the present arbitration proceedings.

Lg/5699

e.  Declares that Venezuelan law is applicable for the resolution of substantive issues, supplemented by the UNIDROIT Principles, and the law of the arbitration seat is applicable to the Arbitration Agreement.

f.  Accepts the claim of the Claimants and declares that the Claimants are shareholders of Avior, with inter-parties effects from the agreement reached on November 2010, included in the Letter of Intent and ratified through subsequent acts, and with effects on the company and third parties from the entry made in Shareholder Book No. 2 in favor of Mr. Luis Suarez on January 29, 2018.

g.  Accepts the claim of the Claimants and declares the existence of a shareholders' agreement agreed upon by the Parties and reflected in the Fifth Clause of the Letter of Intent.

h.  Rejects the Respondent's main counterclaim based on the nullity of the Letter of Intent and the other Linked Contracts due to the violation of the Criminal Convictions.

i.  Rejects the subsidiary counterclaim of the Respondent based on the rescission of the Letter of Intent and the other Linked Contracts due to alleged non-compliance by the Claimants.

j.  Declares the termination of the Obligation of Confidentiality and Non-Disclosure and the consequent Confidentiality Agreement as of January 29, 2018.

k.  Declares the application of the ICC Arbitration Clause to the Claimants' claim regarding the alleged sale of Avior shares for Thirty-seven Million Five Hundred Thousand United States Dollars (US$ 37,500,000) and its interest.

l.  Accepts the claim of the Claimants and orders the Respondent to comply with the Shareholders' Agreement provided for in the Fifth Clause of the Letter of Intent and orders the full reinstatement of the Claimants' rights as shareholders of Avior.

m.  Declares that it lacks jurisdiction to decide on the ownership of the shares of Gran Colombia de Aviación.

n.  Revokes all precautionary measures issued and still in force.

o.  Relating to the costs of this arbitration:

p.  Orders that the provision for expenses paid to the ICC be borne in equal proportion by both Parties.

q.  Orders that the fees and other expenses reported by the Parties be borne by their order, that is, by the Party that incurred them, with the pleas determined below.

1.  Orders the Respondent to pay the Claimants One Hundred Nineteen Thousand Eighty-six and 80/100 Cents United States Dollars (US$ 119,086.80).

¶1485, Final Award. A copy of the certified English translation of the Final Award is attached hereto as Exhibit "B". A copy of the Final Award in its native Spanish is attached hereto as Exhibit "C".

14. The applicable rules to the arbitration are the ICC Rules in force since March 1, 2017.

15. Pursuant to the ICC Arbitration Rule 35(6): "Every award shall be binding on the parties. By submitting the dispute to arbitration under the Rules, the parties undertake to carry out any award without delay and shall be deemed to have waived their right to any form of recourse

insofar as such waiver can be validly made." ICC Arbitration Rule 36(2) provides that "any application of a party for the correction of an error of the kind referred to in Article 36(1), or for the interpretation of an award, must be made to the Secretariat within 30 days of the receipt of the award by such party."  Mr. Añez did not apply to the ICC to correct an error or for interpretation of the Final Award. The Final Award is thus final and binding on the parties.

16. Mr. Añez has not complied with the Final Award.

17. The Letter of Intent and Final Award fall under the Convention.

18. The Letter of Intent and Final Award fall under the New York Convention because they arise out of legal and contractual relationships that are commercial and are not entirely between citizens of the United States. Furthermore, the relationships from which the dispute arose involve property located abroad, envisaged performance or enforcement abroad and had other reasonable relationships with one or more foreign states. 9 U.S.C. § 202.

19. This application is authorized by the ICC Arbitration Rules and 9 U.S.C. §§ 207 and 302.

20. No basis exists for denying recognition, confirmation, and enforcement of the Final Award under the Convention or, alternatively, the New York Convention.

21. Accordingly, the Court should enter judgment confirming, recognizing, and enforcing the Final Award pursuant to 9 U.S.C. §§ 9, 301, 302, 304, and 207, and Article IV of the Convention, or alternatively, Article III of the New York Convention.

## CONCLUSION

For the foregoing reasons, Petitioners, CARLOS KAUFFMANN, LUIS SUAREZ, AND MOISES MAIONICA, respectfully requests an Order and Judgment (a) confirming, recognizing, and enforcing the Final Award; (b) declaring Petitioners are 50% shareholders of Avior Airlines,

C.A.; (c) ordering the full reinstatement of Petitioners' rights as shareholders of Avior Airlines, C.A.; (d) ordering the Respondent, JORGE DE JESUS AÑEZ DAGER, to comply with the Shareholders Agreement contained in the Letter of Intent and to proceed to reestablish and respect of the balance between both corporate groups; (e) ordering Respondent to immediately convene a General Shareholders' Assembly to reinstate Luis Suarez and Jose Sulbarán Santiago, board members who were removed from their positions and responsibilities in the Meeting held on February 6, 2019; (f) entering judgment in favor of Petitioners and against Respondent, in the amount of $119,086.80, plus interest from February 9, 2023 to the date of judgment, with post-judgment interest at the rate provided by law; (g) grant Petitioners' attorneys' fees and costs in this proceeding; (g) directing Respondent to complete debtor information forms as specified in Fla.R.Civ.P. 1.560(c) and Form 1.977 (*see* Fed.R.Civ.P. 69(a)); and (h) granting such other relief as the Court may deem just and equitable.

Respectfully Submitted on this September 11, 2023,

**BLAXBERG GRAYSON, P.A.**
25 SE 2nd Avenue, Suite 730
Miami, FL 33131
Telephone: (305) 381-7979
Facsimile: (305) 371-6816
Primary email: Moises.grayson@blaxgray.com
Secondary email: legalassistA@blaxgray.com
Secondary email: Lissette.Garcia@blaxgray.com

By: */s/ Moises Grayson*
        Lissette Garcia, FBN: 1027994
        Moises T. Grayson, FBN 369519

Lg/5699