UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23491-RAR

**LUIS ALFREDO SUAREZ MAGUAL,
MOISES MAIONICA, AND
CARLOS KAUFFMANN**,

    Petitioners,

v.

**JORGE DE JESUS AÑEZ DAGER**,

    Respondent.
_____/

### FINAL JUDGMENT CONFIRMING FOREIGN ARBITRAL AWARD

THIS CAUSE comes before the Court on the Application of Petitioners LUIS ALFREDO SUAREZ MAGUAL ("Mr. Suarez"), MOISES MAIONICA ("Mr. Maionica"), and CARLOS KAUFFMANN ("Mr. Kauffmann") (collectively "Petitioners") for Recognition, Confirmation, and Enforcement of Foreign Arbitral Award ("Application"), [ECF No. 1], issued by the International Chamber of Commerce, International Court of Arbitration ("ICC") in Case No. 24979/JPA/AJP on February 9, 2023, ("Final Award"). The Court having carefully reviewed the Application, the Final Award, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Application is **GRANTED** and the Final Award is **CONFIRMED** as set forth herein.

### BACKGROUND

This action was filed by Petitioners on September 12, 2023 seeking a judgment confirming, recognizing, and enforcing the Final Award rendered in an arbitration proceeding by the ICC on February 9, 2023. The dispute giving rise to the ICC arbitration proceeding

concerned a shareholders' dispute between Petitioners and Respondent, JORGE DE JESUS AÑEZ DAGER ("Respondent" or "Mr. Añez"), over Avior Airlines, C.A. ("Avior"), a Venezuelan commercial airline company.

The following issues were before the ICC: (i) the determination of the alleged ownership of fifty percent (50%) of the shares of Avior by Petitioners (period 2010 - 2018); (ii) the existence and breach of an alleged purchase and sale contract for said shares between the Petitioners as sellers and the Respondent as buyer (January 2019) and, secondarily, (iii) the existence of damages derived from eventual contractual breaches of the Respondent and his compensation to the Petitioners (due to ignorance of his status as a shareholder and of the rights arising from a shareholder agreement) or, (iv) the existence of an unjust enrichment by the Respondent. Final Award ¶ 232.

The relationship and dispute between the parties is governed by the Letter of Intent signed on November 12, 2010 ("Letter of Intent").  Clause Eight of the Letter of Intent contains an arbitration agreement ("Arbitration Agreement"), establishing that any disputes shall be resolved through arbitration with the ICC.  Final Award ¶ 9.  The Letter of Intent also contained a shareholders' agreement.  Final Award ¶ 248.  On December 17, 2019, Petitioners filed their Request for Arbitration with the ICC against Mr. Añez.  Final Award ¶ 21.  An ICC Arbitral Tribunal was appointed and composed of Guillermo Gorrin Falcon, Eugenio Hernandez-Breton, and Victor Gustavo Parodi.  Final Award ¶ 7.

In the ICC Arbitration, the Respondent raised the following objections: (1) to the jurisdiction of the Arbitral Tribunal (jurisdictional objections related (i) to the alleged existence of contradictory arbitration clauses and (ii) to the special situation of two of the Claimants by virtue of the Criminal Sentences handed down against them) and (2) objections regarding the

substantive issues and his Counterclaim (that is, (i) contractual nullity and (ii) contractual rescission). Final Award ¶ 233.

The parties extensively litigated the issues of arbitrability, jurisdiction, and the merits giving rise to the ICC arbitration. An evidentiary hearing was held from March 14, 2022, through March 18, 2022. Final Award ¶ 205. On February 9, 2023, after hearing and considering all of the arguments and evidence, the arbitral panel of the ICC rendered a 591-page Final Award, making the following findings and orders:

- Declares that it has jurisdiction to decide the present dispute. Final Award ¶¶ 306, 1485(1).

- Rejects the objection or jurisdictional defense by the Respondent based on the alleged contradiction between the ICC Arbitration Clause and the CEDCA Arbitration Clause. Final Award ¶¶ 398, 402, 1485(2).

- Rejects the objection or jurisdictional defense by the Respondent based on the Criminal Convictions of Messrs. Maionica and Kauffmann. Final Award ¶¶ 774, 783, 1485(3).

- Ratifies the rejection of the extension of the Arbitration Agreement to Ms. Beatriz Folla and GAFCA. Final Award ¶¶ 1475, 1485(4).

- Declares that the Claimants have standing, and the Respondent has standing to be sued in the present arbitration proceedings. Final Award ¶ 1485(5)

- Declares that Venezuelan law is applicable for the resolution of substantive issues, supplemented by the UNIDROIT Principles, and the law of the arbitration seat is applicable to the Arbitration Agreement. Final Award ¶¶ 11, 12, 1485(6).

- Accepts the claim of the Claimants and declares that the Claimants are shareholders of Avior, with inter-parties effects from the agreement reached on November 2010, included in the Letter of Intent and ratified through subsequent acts, and with effects on the company and third parties from the entry made in Shareholder Book No. 2 in favor of Mr. Luis Suarez on January 29, 2018. Final Award ¶¶ 635, 644, 724, 735, 736, 1485(7).

- Accepts the claim of the Claimants and declares the existence of a shareholders' agreement agreed upon by the Parties and reflected in the Fifth Clause of the Letter of Intent. Final Award ¶¶ 1254, 1485(8).

- Rejects the Respondent's main counterclaim based on the nullity of the Letter of Intent and the other Linked Contracts due to the violation of the Criminal Convictions.  Final Award ¶¶ 783, 1485(9).

- Rejects the subsidiary counterclaim of the Respondent based on the rescission of the Letter of Intent and the other Linked Contracts due to alleged non-compliance by the Claimants.  Final Award ¶¶ 915, 957, 994, 1006, 1485(10).

- Declares the termination of the Obligation of Confidentiality and Non-Disclosure and the consequent Confidentiality Agreement as of January 29, 2018.  Final Award ¶ 1485(11).

- Declares the application of the ICC Arbitration Clause to the Claimants' claim regarding the alleged sale of Avior shares for Thirty-seven Million Five Hundred Thousand United States Dollars (U.S. $37,500,000) and its interest.  Final Award ¶ 1485(12).

- Dismisses the Claimants' claim and declares that there was no share purchase agreement under the Handwritten Note, nor did any similar agreement arise at any of the January 2019 Meetings nor any obligation from the Respondent to purchase the shares from the Claimants based on the alleged willing agreement perfected during the meeting on January 16, 2019.  Final Award ¶¶ 1128, 1485(13).

- Consequently, it rejects the request to order the Respondent to comply with the alleged share purchase agreement and to pay the alleged sale price of Thirty-seven Million Five Hundred Thousand United States Dollars (U.S. $37,500,000) and its interest.  Final Award ¶ 1128, 1485(14).

- Accepts the claim of the Claimants and orders the Respondent to comply with the Shareholders' Agreement provided for in the Fifth Clause of the Letter of Intent, orders the full reinstatement of the Claimants' rights as shareholders of Avior, the reestablishment and respect of the balance between both corporate groups [Anez-Folla Group and the Suarez Group], and orders the Respondent immediately convene a General Shareholders' Assembly to reinstate those who were removed [Luis Alfredo Suarez Magual and Jose Sulbaran] from their positions and responsibilities on Avior's board of directors in the Meeting held on February 6, 2019.  Final Award ¶¶ 728, 1254, 1485(15).

- Rejects the claim of the Claimants for payment of damages caused by the violation of the Shareholders' Agreement, the property rights of the Claimants, and the corporate bylaws of Avior.  Final Award ¶¶ 1437, 1438, 1439, 1485(16).

- Dismisses the claim for unjust enrichment filed by the Claimants. Final Award ¶¶ 1447, 1485(17).

- Declares that it lacks jurisdiction to decide on the ownership of the shares of Gran Colombia de Aviación. Final Award ¶ 1485(18).

- Revokes all precautionary measures issued and still in force. Final Award ¶ 1485(19).

- Relating to the costs of the arbitration:

  - Orders that the provision for expenses paid to the ICC be borne in equal proportion by both Parties. Final Award ¶¶ 1461, 1485(20)(i).

  - Orders that the fees and other expenses reported by the Parties be borne by their order, that is, by the Party that incurred them, with the pleas determined below. Final Award ¶ 1485(20)(ii).

  - Orders the Respondent to pay the Claimants One Hundred Nineteen Thousand Eighty-six and 80/100 Cents United States Dollars (U.S. $119,086.80). Final Award ¶¶ 1472, 1483, 1485(20)(iii).

  - Orders the Claimants to pay Ms. Beatriz Folla Fifty-Three Thousand Six Hundred Ninety-one United States Dollars and 69/100 Cents (U.S. $53,691.69). Final Award ¶¶ 1482, 1483, 1485(20)(iv).

  - Orders the Claimants to pay to GAFCA Fifty-Three Thousand Six Hundred Ninety-One United States Dollars and 69/100 Cents (U.S. $53,691.69). Final Award ¶¶ 1482, 1483, 1485(20)(v).

- Any other claim of the Parties is rejected. Final Award ¶ 1485(21).

To date, Mr. Añez has not complied with the Final Award. As a result of Mr. Añez's non-compliance with the Final Award, Petitioners filed this action seeking an order:

- Confirming, recognizing, and enforcing the Final Award pursuant to the Convention, or in the alternative, the New York Convention.

- Declaring Petitioners are 50% shareholders of Avior Airlines, C.A. Final Award ¶¶ 635, 644, 724, 735, 736, 1485(7).

- Ordering the full reinstatement of Petitioners' rights as shareholders of Avior Airlines, C.A. Final Award ¶¶ 728, 1254, 1485(15).

- Ordering the Respondent to comply with the Shareholders Agreement contained in the Letter of Intent and to proceed to reestablish and respect the balance between both corporate groups.  Final Award ¶¶ 728, 1254, 1485(15).

- Ordering Respondent to immediately convene a General Shareholders' Assembly of Avior Airlines, C.A. to reinstate Luis Suarez and Jose Sulbarán Santiago, board members who were removed from their positions and responsibilities in the Meeting held on February 6, 2019.  Final Award ¶¶ 728, 1254, 1485(15).

- Entering judgment in favor of Petitioners and against Respondent, in the amount of $119,086.80, plus interest from February 9, 2023 through the date of judgment, and post-judgment interest at the rate provided by law.

- Granting Petitioners' attorneys' fees and costs in this proceeding for their efforts in confirming the Final Award and for Mr. Anez's reprehensible conduct in the ICC Arbitration and failure to comply with the Final Award.  Final Award ¶¶ 1465, 1472, 1482, 1483, 1485(20)(iii).

- Directing Respondent to complete debtor information forms as specified in Fla. R. Civ. P. 1.560(c) and Form 1.977.  *See* Fed. R. Civ. P. 69(a).

## **LEGAL STANDARD**

The Federal Arbitration Act ("FAA") provides "for expedited judicial review to confirm, vacate, or modify arbitration awards."  *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008).  A court must confirm an award "unless the award is vacated, modified, or corrected" pursuant to the FAA.  9 U.S.C. § 9; *see also Cullen v. Paine, Webber, Jackson, & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989) ("'[C]onfirmation can only be denied if an award has been corrected, vacated or modified in accordance with the [FAA].'") (quoting *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986)).  Thus "[j]udicial review of arbitration awards is 'narrowly limited,' and the FAA presumes that arbitration awards will be confirmed." *Gianelli Money Purchase Plan & Trust v. ADM Inv. Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 2008) (quoting *Davis v. Prudential Sec., Inc.*, 59 F.3d 1186, 1188 (11th Cir. 1995)).

Section 10(a) of the FAA provides four exclusive grounds to vacate an arbitration award. 9 U.S.C. § 10(a) (1)-(4).  In a case under the New York Convention where the United States is the primary jurisdiction—the jurisdiction where the arbitration was seated—the grounds for vacatur of an arbitral award are set out in Section 10, Chapter 1 of the FAA.  *Corporacion AIC, S.A. v. Hidroelectrica Santa Rita, S.A.*, 66 F.4th 876, 880 (11th Cir. 2023).  Section 11 of the FAA, on the other hand, provides the grounds for modification or correction of an arbitration award.  9 U.S.C. § 11.  A party seeking to vacate, modify, or correct the arbitration award must comply with the three-month statute of limitations in Section 12 of the FAA.  9 U.S.C. § 12; *see NuVasive, Inc. v. Absolute Medical, LLC*, 71 F.4th 861, 872-73 (11th Cir. 2023).

On September 15, 2023, Petitioners represented to the Court that Mr. Añez has not filed any action in this Court, or any other court seeking to challenge, vacate, modify, or correct the Final Award. [ECF No. 7].  Because the Final Award was rendered on February 9, 2023, the three-month period in which Mr. Añez could have sought vacatur, modification, or correction of the Final Award has expired.

## ANALYSIS

### I. *Applicability of the New York Convention or the Convention to the Final Award*

Petitioners seek confirmation of the Final Award pursuant to the Inter-American Convention on International Commercial Arbitration of January 30, 1975 ("Convention"), as implemented in Chapter 3 of the FAA, and under the Convention on the Recognition and Enforcement of Arbitral Awards of June 10, 1958 ("New York Convention"), as implemented in Chapter 2 of the FAA, 9 U.S.C. § 201.

When the requirements for application of both the New York Convention and the Convention are met, determination as to which convention applies shall be made as follows: if a

majority of the parties to the arbitration agreement are citizens of a State or States that have ratified or acceded to the Inter-American Convention and are member States of the Organization of American States, the Inter-American Convention shall apply. 9 U.S.C. § 305.

Here, the parties are all citizens of states that have ratified or acceded to the Convention: United States, Germany, and Venezuela. Therefore, the Final Award falls under the Convention and the Court has jurisdiction over this action pursuant to the Convention. 9 U.S.C. §§ 301, 302, 304, 305.

### II. *Petitioners' Entitlement to Fees for their Efforts to Enforce the Final Award*

Petitioners seek an award of reasonable attorneys' fees and costs incurred in this proceeding in their efforts to enforce the Final Award. Not only has Mr. Añez failed to comply with the Final Award, forcing Petitioners to file this action, but the Final Award found that Mr. Añez's conduct during the ICC Arbitration was reproachable and reprehensible since the beginning of the arbitration (1) for making multiple unsolicited submissions, even when expressly instructed not to do so, causing a burden and procedural disorder; (2) for failing to comply with precautionary measures; and (3) for showing a clear disregard for the orders issued by the arbitral tribunal causing further judicial labor. Final Award ¶¶ 1465, 1466, 1467, 1469, 1482.

A district court may award attorneys' fees in an action to enforce a foreign arbitral award where the losing party acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Ministry of Def. & Support v. Cubic Def. Sys.*, 665 F.3d 1091, 1104 (9th Cir. 2011) (holding that "federal law permits an award of attorney's fees in an action under the Convention, as it does in other federal question cases."). An "unjustified refusal to abide by an arbitrator's award" may constitute bad faith. *See id.* (citing *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v.*

*Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir. 1996)).  Here, Mr. Añez has demonstrated bad faith conduct in his refusal to abide by the Final Award and through his conduct in the ICC arbitration, as described in the Final Award.

### III. *Pre-Judgment Interest from the Date of Entry of the Final Award through the Date of Final Judgment*

Petitioners request pre-judgment interest on the Final Award from the date it was entered on February 9, 2023, through the date of entry of this Final Judgment.  Under Florida law, prejudgment interest is calculated from the day an arbitration award is rendered until the date that award is confirmed.  *Grigsby & Assocs., Inc. v. M Sec. Invs., Inc.*, No. 06-23035, 2010 WL 11452307, at *2 (S.D. Fla. Sept. 30, 2010) (citing *Okun v. Litwin Sec., Inc.*, 652 So.2d 387, 389 (Fla. 3d DCA 1995)); *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984) (state law governs the award of interest).  The Court finds that Petitioners are entitled to pre-judgment interest from February 9, 2023 through the date of this Final Judgment.

### IV. *Post-Judgment Interest*

Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . ."  This provision for post-judgment interest applies to arbitral awards confirmed by the district court.  *Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co.*, 744 F.2d 1482, 1484 (11th Cir. 1984) ("Although a district court enforcing an arbitration award does not engage in a de novo review of the award, and it may reverse or modify the award only on specified grounds, once the court enters its judgment, it has the same effect as any other judgment recovered following a civil trial.  We therefore conclude that a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates.") (internal citations omitted).  Thus, this Final Judgment shall accrue post-judgment interest at the rate set forth under 28 U.S.C § 1961.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that in conformity with the terms of the Final Award and in accordance with the Convention and 9 U.S.C. § 301 *et seq.*, and the Court having found that none of the grounds for refusal or deferral of recognition of the Final Award exists, the Final Award of the Arbitral Panel in ICC International Court of Arbitration Case No. 24979/JPA/AJP, issued on February 9, 2023, is hereby **CONFIRMED, RECOGNIZED, AND ENFORCED** as to Respondent, JORGE DE JESUS AÑEZ DAGER as follows:

1. Petitioners, LUIS ALFREDO SUAREZ MAGUAL, CARLOS KAUFFMANN, and MOISES MAIONICA hold a fifty (50%) ownership interest in Avior Airlines, C.A. Final Award ¶¶ 635, 644, 724, 735, 736, 1485(7).

2. Petitioners', LUIS ALFREDO SUAREZ MAGUAL, CARLOS KAUFFMANN, and MOISES MAIONICA, rights as shareholders of Avior Airlines, C.A. shall be fully reinstated. Final Award ¶¶ 728, 1254, 1485(15).

3. Respondent, JORGE DE JESUS AÑEZ DAGER, is ordered to comply with the Shareholders Agreement contained in the Letter of Intent and shall re-establish and respect the balance between the two ownership groups of Avior Airlines, C.A., consisting of the Añez-Folla Group and the Suarez Group. Final Group ¶¶ 728, 1254, 1485(15).

4. Respondent, JORGE DE JESUS AÑEZ DAGER, shall immediately convene a General Shareholders' Assembly of Avior Airlines, C.A. to reinstate Petitioners Luis Alfredo Suarez Magual and Jose Sulbarán Santiago to their positions on the

board of directors of Avior Airlines, C.A., since they were wrongfully removed from their positions and responsibilities in the meeting held on February 6, 2019. Final Award ¶¶ 728, 1254, 1485(15).

5. Petitioners, LUIS ALFREDO SUAREZ MAGUAL, MOISES MAIONICA, AND CARLOS KAUFFMANN, whose address is 900 Biscayne Boulevard, 10th Floor, Suite 1001, Miami, Florida 33132, shall have, receive, and recover from Respondent, JORGE DE JESUS AÑEZ DAGER, whose addresses are Avenida Luis Roche, Edificio Bronce, piso 3, Urbanización Altamira, Caracas, Venezuela, and 10250 NW 75 Terrace, Doral, Florida 33178, the amount of U.S. $119,086.80, which shall bear post-judgment interest at the rate set forth in 28 U.S.C. § 1961, **FOR WHICH SUM LET EXECUTION ISSUE**.

6. Pursuant to Federal Rule of Civil Procedure 69(a), the judgment debtor shall complete under oath Florida Rule of Civil Procedure 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, within **45 days** from the date of this Final Judgment, unless the Final Judgment is satisfied, or post-judgment discovery is stayed.

7. The Court retains jurisdiction of this case to enter further orders deemed necessary and proper to compel the judgment debtor to complete Form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney.

8. The Court finds that Petitioners are entitled to recover their costs and reasonable attorneys' fees incurred in this action and retains jurisdiction over this matter to

determine the amount of fees and costs based upon the filing of a timely motion by Petitioners pursuant to Local Rule 7.3(a), and to enter such other orders deemed necessary and proper. *See* S.D. FLA. L.R. 7.3(a)(1).

9. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 27th day of September, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**