UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-CV-23491-RAR

LUIS ALFREDO SUAREZ MAGUAL,
MOISES MAIONICA, AND
CARLOS KAUFFMANN,

    Petitioners,

v.

JORGE DE JESUS AÑEZ DAGER,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on Petitioners Luis Alfredo Suarez Magual, Moises Maionica, and Carlos Kauffmann's (collectively, "Petitioners") Motion for Determination of Attorneys' Fees and Costs (ECF No. 17), Petitioners' Amended Motion to Compel Enforcement of Judgment and Post Judgment Discovery from Respondent (ECF No. 49), and Jorge de Jesus Añez Dager's ("Respondent") Motion for Relief from Judgment (ECF No. 50). The Motions are referred to the undersigned by the Honorable Rodolfo A. Ruiz, II, United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida. (ECF No. 47). The Court heard oral argument on the Motions on July 25, 2024. Upon review of the pleadings and with the benefit of oral argument, the undersigned respectfully **RECOMMENDS** Respondent's Motion for Relief from Judgment be **GRANTED**, and Petitioners' Motion for Determination of Attorneys' Fees and Amended Motion to Enforce Judgment be **DENIED**, as premature.

1

**I.      BACKGROUND**

On September 12, 2023, Petitioners filed their Application for Recognition, Confirmation, and Enforcement of Foreign Arbitral Award pursuant to the Inter-American Convention on International Commercial Arbitration of January 30, 1975 or, in the alternative, the Convention on the Recognition and Enforcement of Arbitral Awards of June 10, 1958 ("New York Convention"). (ECF No. 1 at 1).  The Final Arbitral Award ("Final Award"), issued by the International Chamber of Commerce, International Court of Arbitration ("ICC") on February 9, 2023, concerned a shareholders' dispute between Petitioners and Respondent over Avior Airlines, a Venezuelan commercial airline company.  (ECF No. 10 at 2).

Attendant to their request for confirmation of the Final Award, Petitioners sought an Order "grant[ing] Petitioners' attorneys' fees and costs in this proceeding." (ECF No. 1 at 8). On September 13, 2023, the Clerk of Court issued a Summons on the docket as to Respondent. (ECF No. 3). On that same day, the District Court directed Petitioners to inform the Court as to Petitioners' knowledge of objections or challenges to the Final Award. (ECF No. 8). Petitioners responded advising that they were unaware of any motion to challenge, modify, correct, or vacate the Final Award. (ECF No. 7). On September 15, 2023, the District Court required Petitioners to provide a proposed order in which Petitioners "connect[ed] each request for relief to a specific finding contained in the Final Award and fully brief the legal basis for each additional request for relief not contained in the Final Award." (ECF No. 8). On September 20, 2023, Petitioners filed a Proposed Order Confirming Foreign Arbitral Award. (ECF No. 9). The Court entered a Final Judgment confirming the Final Award on September 27, 2023. (ECF No. 10).

On October 4 and 5, 2023, counsel for Petitioners certified that the Final Judgment and a Fact Information Sheet were furnished to Respondent via DHL to an address in Caracas,

Venezuela. (ECF Nos. 11, 12). However, the Return of Service filed later, on November 9, 2023, represents that Respondent was served with the Summons, Petition for Enforcement of Arbitration Award, Letter of Intent, ICC Arbitration Decision, and ICC Arbitration Decision in Spanish on October 26, 2023. (ECF No. 13). Respondent was served at a residence in Doral, Florida. (*Id*.).

Respondent first appeared on November 15, 2023, and moved for extension of time to file an answer to Petitioners' application, claiming Respondent's counsel could not file a response before the twenty-one (21) day limit because of the complexity of the matter. (ECF Nos. 14, 15). The next day, the Court struck Respondent's motion for extension of time for two reasons: (1) Respondent's counsel was required to confer, or make reasonable effort to confer, with all parties and non-parties who may be affected by the relief sought in the motion, which it failed to do; and (2) there was no pending motion requiring a response from Respondent because the three-month period during which Respondent could have sought vacatur, modification, or correction of the Final Award had expired. (ECF No. 16) (citing 9 U.S.C. § 12; *NuVasive, Inc. v. Absolute Med., LLC*, 71 F.4th 861, 872–73 (11th Cir. 2023)).

Petitioners filed their Verified Motion for Determination of Attorneys' Fees on November 17, 2023. Petitioners rely on the Final Judgment, which states that Petitioners are entitled to attorneys' fees and costs because Respondent acted in bad faith in his refusal to abide by the Final Award and through his conduct in the ICC arbitration. (ECF No. 17 at ¶ 2 n.1). Respondent responded by filing a motion to dismiss and, in the alternative, opposition to attorneys' fees (ECF No. 29).[1] Respondent asserts that Petitioners are not entitled to attorneys' fees because the Final

---

[1] Respondent's Response to Petitioner's Motion for Determination of Attorneys' Fees was improperly filed as a Motion to Dismiss. (ECF No. 29). With Final Judgment already entered, Respondent agreed during oral argument that a Motion to Dismiss was procedurally improper. Accordingly, the Court treats the filing at (ECF No. 29) as a Response to the Motion for Determination of Attorneys' Fees and recommends that the District Court **STRIKE** the filing's designation as a Motion to Dismiss.

Award did not include attorneys' fees, and neither Respondent nor Petitioners initiated a motion to vacate, modify, or correct the arbitration award within the prescribed ninety (90) day period delineated under the Federal Arbitration Act ("FAA"). (ECF No. 29 at 31–32). Respondent argues that the Court only had discretion to confirm the Final Award in its entirety and without modification; yet the Final Judgment entered deviates from the Final Award in several respects. Respondent identifies portions of the Award which have been omitted from the Final Judgment as well as aspects of the Final Judgment not found in the award, including the order of entitlement to attorneys' fees. In his reply to his own improperly filed motion to dismiss, Respondent further argues that the Final Judgment on which Petitioner's motion for attorneys' fees depends is void because it was entered before Respondent was served with the application to confirm the award.

Petitioners thereafter moved to Compel Enforcement of Judgment alleging that Respondents had not "paid the judgment amount of $119,086.80 . . . plus attorneys' fees for collection of the judgment." (ECF No. 49 at 6). Respondent obtained new counsel and soon after, filed his Motion for Relief from Judgment, which argues that because Final Judgment was entered before he was served with Petitioners' Application for Confirmation of the Arbitral Award, the judgment is void and must be vacated. (ECF No. 50).[2]

## II.   DISCUSSION

The Court must first determine whether the Final Judgment on which Petitioners rely for their entitlement to attorneys' fees is void. Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a party may seek relief from a final judgment, or order, if the judgment is void. Fed. R. Civ. P. 60(b). Where service of process is insufficient, a court may set aside the final judgment

---

[2] Respondent raises a number of other challenges to the Final Judgment and the adequacy of service he ultimately did receive under the FAA because he is a citizen of Venezuela. If the Court adopts the undersigned's recommendation to vacate the Final Judgment, these arguments are largely mooted. Alternatively, the Court's vacatur on this specific basis should not deny Respondent's ability to renew his challenges on further briefing.

under Rule 60(b)(4) because "the court has no power to render judgment, and the judgment is void." *Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805 (11th Cir. 2015). That is because "insufficient service of process implicates personal jurisdiction" and "[a] court cannot enter a binding judgment against a party over which it lacks personal jurisdiction." *Id.* at 805–06; *see also Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 338 F.R.D. 664, 667 (S.D. Fla. 2021) (granting motion to vacate judgment and order confirming arbitration award on finding that respondent had not been properly served, and ordering proper service to occur).

The FAA requires that notice of an application "shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." 9 U.S.C. § 9; *see generally Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 824 (9th Cir. 2024) (examining sufficiency of service, under federal procedural law, to determine court's personal jurisdiction over respondent in action to confirm international arbitration award). The FAA provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6.

What constitutes proper service in a federal action to confirm an arbitration award has been debated in a number of recent opinions. For example, courts have weighed whether service of an adverse party who is a non-resident of the district within which the arbitral award was made mandates service by the U.S. Marshal, *PTA-FLA, Inc. v. ZTE USA, Inc.*, 3:11-CV-510-J-32, 2015 WL 12819186, at *6 (M.D. Fla. Aug. 5, 2015) (finding that service of motion to confirm arbitration award "must be made via marshal for the court where the award was made to obtain personal jurisdiction under § 9 of the FAA."), *aff'd*, 844 F.3d 1299 (11th Cir. 2016), and whether a summons must be served along with the motion to confirm. *Compare Voltage Pictures, LLC*, 92 F.4th at

826, 831 (finding that service of a summons, as would be required under Rule 4 with a complaint, is not required to serve a motion to confirm an arbitration award, which must comply with Rule 5 of the Federal Rules of Civil Procedure) *with Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 338 F.R.D. 664, 667 (S.D. Fla. 2021) (finding service without summons was fatal defect that required vacatur of judgment and opportunity to cure via proper service). Petitioners in this case uniquely argue that *no* service was required; this position is untenable. Rather, as the cases cited above recognize, implicit in the questions raised regarding the sufficiency of service is the fact that, at a minimum, *some* form of service is required.

Petitioners argue the Final Judgment is not void because an application to confirm an arbitral award is a summary proceeding and can be done on an ex parte basis. The cases cited in Petitioner's Response not only fail to support Petitioner's argument but emphatically recognize that the FAA "explicitly requires only service of notice of the application to confirm the arbitral award." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 811 (2nd Cir. 2022) (rejecting respondent's challenge to service on basis that no *summons* was served with notice of the application).[3] At best, Petitioners' reliance on *New Hampshire Fire Insurance Co. v. Scanlon*, 362 U.S. 404, 406 (1960), supports their argument that summary proceedings may be "sometimes even ex parte." However, this passing reference in a case that had nothing to do with arbitration or confirmation proceedings fails to justify Petitioners' position here.

The record is clear that Respondent was served twenty-nine days after Final Judgment was already entered. Because Respondent was not served prior to entry of final judgment, final judgment should be vacated. *See Rismed Oncology Sys., Inc.*, 638 F. App'x at 805 ("[W]here

---

[3] Petitioners' insistence that *no* service was required is undermined somewhat by the efforts they undertook to serve Respondent; invoices attached to the Verified Motion for fees and costs seek almost $4,000 for services incurred by a process server, including almost a dozen "rush" attempts to serve between September 18 and October 26, 2023. (ECF No. 17-3). The urgency implies some acknowledgement that service was indeed required here.

service of process is insufficient, the court has no power to render judgment and the judgment is void") (internal quotations omitted) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)).

It is the undersigned's further recommendation that Petitioners' Motion for Determination of Attorneys' Fees be denied, without prejudice. (ECF No. 17). Petitioners' Motion for Determination of Attorneys' Fees is premised entirely on the District Court's entry of Final Judgment and the finding of entitlement to attorneys' fees. Respondent argues that entitlement to attorneys' fees *in this suit* was not part of the underlying arbitration award and by including such an award, the Final Judgment effectively modifies the arbitration award. Respondent's argument, like the motion itself, is premature; if the Court adopts this Recommendation and vacates its Final Judgment, so too will Petitioner's basis for seeking fees in this suit be vacated.

In sum, Petitioners' Motion (ECF No. 17) is due to be denied, as premature. Likewise, Petitioners' Amended Motion to Enforce Judgment travels on the District Court's entry of Final Judgment. (ECF No. 49).  In light of the undersigned's recommendation that the Final Judgment be vacated, the Court recommends that the Motion to Enforce Judgment be denied, as premature.

### III. RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Respondent's Motion for Relief from Judgment (ECF No. 50) be **GRANTED**.

It is further **RECOMMENDED** that Petitioners' Motion for Determination of Attorneys' Fees (ECF No. 17) be **DENIED** without prejudice; and Petitioners' Amended Motion to Compel Enforcement of Judgment and Post-Judgment Discovery from Respondent (ECF No. 49) be **DENIED**, without prejudice. The undersigned further recommends that Respondent's Response

to Petitioners' Motion for Determination of Attorneys' Fees (ECF No. 29) be **STRICKEN** of its designation as a Motion to Dismiss.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, II, United States District Judge, within **FOURTEEN** (14) days of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020). Any response to objections must be filed within **SEVEN** (7) days of the filed objections. *See* S.D. Fla. L.R. 4(b). If counsel do not intend to file objections, they shall file a notice advising the District Court within **FIVE** (5) days of this Report and Recommendation.

**RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 15th day of August, 2024.

                                                                                    _____
                                                                                    LAUREN F. LOUIS
                                                                                    UNITED STATES MAGISTRATE JUDGE