UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23491-RAR

**LUIS ALFREDO SUAREZ MAGUAL,
MOISES MAIONICA, AND
CARLOS KAUFFMANN**,

    Petitioners,

v.

**JORGE DE JESUS AÑEZ DAGER**,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on United States Magistrate Judge Lauren F. Louis's Report and Recommendation ("Report"), [ECF No. 67], on Petitioners Luis Alfredo Suarez Magual, Moises Maionica, and Carlos Kauffmann's (collectively, "Petitioners") Motion for Determination of Attorneys' Fees and Costs ("Fees Motion"), [ECF No. 17]; Petitioners' Amended Motion to Compel Enforcement of Judgment and Post Judgment Discovery from Respondent ("Motion to Compel"), [ECF No. 49]; and Jorge de Jesus Añez Dager's ("Respondent") Motion for Relief from Judgment ("Relief Motion"), [ECF No. 50]. The Report recommends granting Respondent's Relief Motion and denying Petitioners' Fees Motion and Motion to Compel. *See* Report at 1. On August 20, 2024, Respondent filed a Notice of Non-Objection, [ECF No. 70]. On August 29, 2024, Petitioners timely filed objections to the Report ("Objections"), [ECF No. 72]. The Court having reviewed the Report and Objections, it is hereby

**ORDERED AND ADJUDGED** that Petitioners' Objections, [ECF No. 72], are **OVERRULED** and Magistrate Judge Louis's Report, [ECF No. 67]**,** is **ADOPTED** in its entirety.

## ANALYSIS

When a magistrate judge's "disposition" has been properly objected to, district courts "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Because Petitioners timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Louis's legal and factual findings to which Petitioners object.

Petitioners advance two primary objections. First, they object to Magistrate Judge Louis's conclusion that Petitioners' failure to properly serve their Application for Confirmation of the Final Arbitral Award upon Respondent voids the Final Arbitration Award ("Final Judgment"), [ECF No. 10], and requires that it be vacated ("First Objection"). Second, Petitioners further object to Magistrate Judge Louis's conclusion that their Fees Motion and Motion to Compel should be denied as premature ("Second Objection"). The Second Objection is contingent upon the First Objection: If the Court determines the Final Award should be vacated, then the Fees Motion and Motion to Compel are necessarily moot. As explained below, upon careful review of the applicable law and record, the Court agrees with Magistrate Judge Louis's conclusions and recommendations and accordingly overrules both of Petitioners' Objections.

As to the First Objection, Petitioners argue that (1) what constitutes proper service in a federal action to confirm an arbitration award is unclear; (2) caselaw from other circuits appears to allow entry of a Final Award pursuant to the Federal Arbitration Act ("FAA") to occur *ex parte*, without any service; and (3) the Court should "take the position of the Second Circuit in a situation like this one." *See* Objs. at 7–8. Petitioners further argue that the Final Award should not be vacated because the ICC Award will be confirmed regardless and vacatur would therefore be futile. *See* Objs. at 9–10.

The Court agrees with Magistrate Judge Louis in rejecting each of Petitioners' arguments related to the First Objection. At the outset, the Court notes that Petitioners do not appear to object to Magistrate Judge Louis's conclusion that they did not serve an Application for Confirmation of the Final Arbitral Award prior to the Court's entry of Final Judgment. Petitioners argue only that service was not required here, and even if it were, Respondent has since been served with the Final Award such that vacatur would now be futile. *See* Objs. at 6–10.

Petitioners misstate the applicable law. As Magistrate Judge Louis's Report notes, the FAA provides that notice of an application "shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." Report at 5 (quoting 9 U.S.C. § 9). The FAA further requires that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." *Id*. (quoting U.S.C. § 6). And as the Report also observes, although the degree of notice required to constitute proper service in this context has been the subject of debate in several recent in-circuit cases, *see id.* at 5 (collecting cases), these cases all nonetheless recognize that, "at a minimum, some form of service is required." Report at 6. Since Petitioners concede the Application was not served upon Respondent prior to the Court's entry of the Final Judgment here, the Final Judgment was entered improperly.

In opposition to this conclusion, Petitioners primarily rely upon *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802 (2nd Cir. 2022). But as Magistrate Judge Louis correctly noted in her Report, the Second Circuit explicitly confirmed that the FAA "*requires only service of notice of the application* to confirm the arbitral award, not also a summons." *Commodities*, 49 F.4th at 811 (emphasis added). Petitioners' conceded failure to

serve an Application to Confirm the Final Award upon Respondent prior to the Court's entry of Final Judgment is thus fatal to their First Objection.

As for Petitioners' alternative argument that vacatur would be futile even if service was improper, the Court again disagrees. In reaching this conclusion, the Court finds as dispositive Respondent's claim that Petitioners added provisions to the Proposed Order Confirming Arbitration Award ("Proposed Final Judgment"), [ECF No. 9-1], that deviate in several material respects from the Final Award, [ECF No. 1-2]. Especially concerning is Respondent's claim that Petitioners added a fees provision—entitling them to fees in this federal court action—that was not part of the underlying Final Award. *See* Report at 7.

In sum, Petitioners' conceded failure to serve an Application to Confirm the Final Award upon Respondent before the Court's entry of the Final Award constitutes insufficient service. Further, Petitioners' alleged addition of material provisions to the Proposed Final Judgment defeats Petitioners' claim that vacatur would be futile. Indeed, given Respondent's allegations of improper Final Award modification, the Court's refusal to vacate the Final Judgment under these circumstances would amount to a deprivation of Respondent's core procedural due process guarantees of notice and an opportunity to be heard.

As to the Second Objection, the forgoing conclusions necessarily require the Second Objection to be overruled as well. Specifically, given the Court's conclusion that vacatur of the Final Judgment is required here, the Court further agrees with Magistrate Judge Louis's conclusion that Petitioners' Motion to Compel and Fees Motion are premature.

Based on the foregoing analysis, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 67], is **AFFIRMED AND ADOPTED** in its entirety.

2. Respondent's Motion for Relief from Judgment, [ECF No. 50], is **GRANTED**.

3. The September 27, 2023 Final Judgment Confirming Foreign Arbitral Award, [ECF No. 10], is **VACATED**.

4. Petitioners' Motion for Determination of Attorneys' Fees, [ECF No. 17], is **DENIED** *without prejudice*.

5. Petitioners' Motion to Compel, [ECF No. 49], is **DENIED** *without prejudice.*

6. Respondent's Response to Petitioners' Motion for Determination of Attorneys' Fees, [ECF No. 29], is **STRICKEN** of its designation as a Motion to Dismiss.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of September, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**